IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

WYATT SOCHIN,

    Plaintiff,

v.

COMPLETE PAYMENT RECOVERY SOLUTIONS

    Defendant

Case No.:

**COMPLAINT AND JURY DEMAND**

Plaintiff, Wyatt Sochin, (hereinafter "Plaintiff"), by and through his undersigned attorney, alleges against Complete Payment Recovery Solutions (hereinafter "Defendant") as follows:

### **PRELIMINARY STATEMENT**

1. This is an action for damages arising from Defendant's violations of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* ("TCPA").

### **JURSIDICTION AND VENUE**

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 47 U.S.C §227(b)(3).

3. Venue is proper in this district under 28 U.S.C § 1391(b).

### **PARTIES**

4. Plaintiff, Wyatt Sochin, is a natural person, who at all relevant times has resided in the city of Nashville, Davidson County, State of Tennessee.

5. Defendant, Complete Payment Recovery Solutions is incorporated and doing business in the State of Florida, with its corporate mailing address as 11601 Roosevelt Blvd N TA09, Saint Petersburg, FL 33716.

**FACTUAL STATEMENT**

6. Plaintiff is unaware of any debt that Defendant is alleging. Between December 4, 2015 and January 20, 2016, Plaintiff received numerous calls from Defendant to his cellular phone regarding amounts allegedly owed to Defendant.

7. Upon information and belief, the calls were made using an automatic telephone dialing system and/or by using an artificial or prerecorded voice.

8. The calls Plaintiff received were from Defendant's number (800)873-5869. The calls were made to Plaintiff's cell number (505) xxx-7277 for which he incurs charges.

9. On November 24, 2015 Plaintiff called Defendant and advised Defendant's representative that he had previously contacted them to stop calling him. On that date, he reiterated that he was not to be called by Defendant in the future and demanded that Defendant stop calling him.

10. During the calls upon which Plaintiff did pick up, he noticed the tell-tale signs of an automated dialing system, namely various clicks and a long pause from the time in which the call was answered and an agent of Defendant appeared.

11. Despite issuing this clear and unequivocal cease on November 24, 2015, Defendant thereafter used an autodialing system and called Plaintiff on his cellular phone fifteen (15) times.

12. As a result of the foregoing actions, Plaintiff has been abused, harassed, and annoyed.

# COUNT I
# VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
# 47 U.S.C. §227 et seq.

13. Plaintiff repeats and realleges the prior paragraphs as if fully set forth herein.

14. Defendant called Plaintiff's cellular telephone number repeatedly in an attempt to collect on an alleged debt after they had been advised to cease calling his cellular telephone. Defendant's use of an automatic dialing system subjects them to the provisions of the Act.

15. On November 24, 2015 Plaintiff revoked any consent to utilized an automated dialer and or pre-recorded messages previously given and advised Defendant to stop calling him, which request Defendant did not honor. Thereafter, Defendant improperly called Plaintiff fifteen (15) times.

16. Defendant's actions have damaged Plaintiff and constitute violations and/or willful violations of 47 U.S.C. § 227(b)(1)(A)(iii), as well as any other applicable provisions of the TCPA, and its conduct is not exempt from the proscriptions of the statute.

17. The TCPA creates a private right of action against persons who violate the act. As a result of each call made in violation of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages and treble damages for each call knowingly and/or willfully made in violation of the TCPA.

**WHEREFORE**, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii);

b) Enjoining Defendant from placing any further telephone calls to Plaintiff in violation of the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(A);

c) Awarding Plaintiff statutory damages in the amount of $500.00 per violation, pursuant to 47 U.S.C. § 227(b)(3)(B);

d) Awarding Plaintiff actual damages, pursuant to 47 U.S.C. § 227(b)(3)(B);

e) Awarding Plaintiff treble damages, pursuant to 47 U.S.C. § 227(b)(3)(C);

f) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

g) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

h) Awarding such other and further relief as the Court may deem just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated this 14th Day of February, 2017

Respectfully Submitted,

s/ Susan S. Lafferty, Esq.          /
Susan S. Lafferty, CPA, Esq.
Lafferty Law Firm, P.C.
555 Marriott Drive, suite 315
Nashville, TN 37229
(T) (615) 878-1926
(F) (615) 472-7852
(E) SusanL@laffertylawonline.com

Of Counsel to the Firm:
Law Offices of Michael Lupolover, P.C.
120 Sylvan Avenue, Suite 300
Englewood Cliffs, NJ 07632
Telephone: 201-461-0059
Fax: 201-608-7116
Email: DPF@lupoloverlaw.com